**Subject:**  Call to Eric Lockert

**From:** Robyn Beale Williams
**Sent:** Wednesday, June 10, 2020 2:51 PM
**To:** 'John H. Morris' <john@tek.law>
**Cc:** Mark Nolan <dmnolan@batsonnolan.com>; Andrew Lockert <andrew@lockertlaw.com>; 'Kiel Kovalcik' <kkovalcik@batsonnolan.com>
**Subject:** RE: Call to Eric Lockert

Since Mr. Lockert is not opposing counsel in this case, I don't believe that the Shelton Rule applies. However, I am happy to look at any authority you may have on this point. Otherwise, we probably should contact Judge Frensley for a discovery conference and submit a joint statement of the discovery issue.



**Robyn Beale Williams** |
FARRAR & BATES, LLP
LAW OFFICES
211 Seventh Avenue North, Suite 500 | Nashville, TN 37219
Main 615-254-3060 | Fax 615-254-9835
robyn.williams@farrar-bates.com | http://www.farrar-bates.com

This message has been sent from a law firm and may contain information that is confidential or privileged. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy. Please advise immediately if you or your employer do not want us to use Internet e-mail for future messages of this kind. Thank you.

TO ENSURE COMPLIANCE WITH REQUIREMENTS IMPOSED BY THE IRS, WE INFORM YOU THAT, UNLESS SPECIFICALLY INDICATED OTHERWISE, THIS MESSAGE (INCLUDING ANY ATTACHMENTS) WAS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY THE ADDRESSEE OR ANY OTHER PERSON FOR THE PURPOSE OF (A) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (B) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TAX-RELATED MATTER ADDRESSED HEREIN.

**From:** John H. Morris <john@tek.law>
**Sent:** Wednesday, June 10, 2020 2:19 PM
**To:** Robyn Beale Williams <robyn.williams@farrar-bates.com>
**Cc:** Mark Nolan <dmnolan@batsonnolan.com>; Andrew Lockert <andrew@lockertlaw.com>
**Subject:** RE: Call to Eric Lockert

Robyn,

Let me say again as clearly as I can – absent an order from the court upon a showing of proof that the Shelton Rule analysis is satisfied, no deposition of Mr. Lockert will occur. We will stipulate to the limited scope of what he will testify to via affidavit, but beyond that, there is nothing that he will offer and any other information he might have would be privileged.

*John H. Morris, Esq.*

**404 James Robertson Parkway**
**Suite 102**
**Nashville, TN  37219**
**(615) 229-5529 (office)**
**(615) 618-2282 (cell)**
**(615) 679-9520 (fax)**



**CEO | Chief Legal Strategist**
P:  615.353.1135
WWW.CYBERTRUTH.NET

---

**From:** Robyn Beale Williams <robyn.williams@farrar-bates.com>
**Sent:** Wednesday, June 10, 2020 1:40 PM
**To:** John H. Morris <john@tek.law>
**Cc:** Mark Nolan <dmnolan@batsonnolan.com>; Andrew Lockert <andrew@lockertlaw.com>
**Subject:** RE: Call to Eric Lockert

John,
Thank you for getting back to me.  If you are going to possibly call him, then we may need to depose him.  I think we could probably set up a remote deposition that would take no more than 30 minutes, if that.  I will talk to Mark, who I think is out of town, and get back to you.  I do have next Tuesday, Thursday, and Friday (except for 10:30-11:30) and I could possibly get someone to cover for me so we can do Monday or Wednesday.  Can you check on these dates with Mr. Lockert and let us know then?



**Robyn Beale Williams** |
FARRAR & BATES, LLP
LAW OFFICES
211 Seventh Avenue North, Suite 500 | Nashville, TN 37219
Main 615-254-3060 | Fax 615-254-9835
robyn.williams@farrar-bates.com | http://www.farrar-bates.com

This message has been sent from a law firm and may contain information that is confidential or privileged. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy. Please advise immediately if you or your employer do not want us to use Internet e-mail for future messages of this kind. Thank you.

TO ENSURE COMPLIANCE WITH REQUIREMENTS IMPOSED BY THE IRS, WE INFORM YOU THAT, UNLESS SPECIFICALLY INDICATED OTHERWISE, THIS MESSAGE (INCLUDING ANY ATTACHMENTS) WAS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY THE ADDRESSEE OR ANY OTHER PERSON FOR THE PURPOSE OF (A) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (B) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TAX-RELATED MATTER ADDRESSED HEREIN.

**From:** John H. Morris <john@tek.law>
**Sent:** Wednesday, June 10, 2020 1:25 PM
**To:** Robyn Beale Williams <robyn.williams@farrar-bates.com>
**Cc:** Mark Nolan <dmnolan@batsonnolan.com>; Andrew Lockert <andrew@lockertlaw.com>
**Subject:** RE: Call to Eric Lockert

Robyn,

The only reason Mr. Lockert was listed and the sole information which he would potentially testify to if we decided it was necessary would be that Mr. Campbell called him immediately after deputy Fox shot into his house. Mr. Lockert's phone died shortly into that call, so he's not sure how much of what he said to Mr. Campbell was actually received.

As I previously stated, for purposes of discovery, Mr. Lockert can provide an affidavit to this effect if requested. Otherwise, that is the limit of his knowledge and testimony.

We are not claiming privilege on the facts or contents of that phone call. Any communications beyond that call would, however, be privileged communication.

*John H. Morris, Esq.*



**404 James Robertson Parkway**
**Suite 102**
**Nashville, TN 37219**
**(615) 229-5529 (office)**
**(615) 618-2282 (cell)**
**(615) 679-9520 (fax)**



**CEO | Chief Legal Strategist**
P: 615.353.1135
**WWW.CYBERTRUTH.NET**

---

**From:** Robyn Beale Williams <robyn.williams@farrar-bates.com>
**Sent:** Tuesday, June 9, 2020 7:48 AM
**To:** John H. Morris <john@tek.law>
**Cc:** Mark Nolan <dmnolan@batsonnolan.com>; Andrew Lockert <andrew@lockertlaw.com>
**Subject:** RE: Call to Eric Lockert

John,

Sorry. I was out yesterday and unable to give this my attention. First, I just want to make sure that I understand Mr. Campbell's position. Mr. Lockert was listed as a witness in discovery responses by your client. Are you taking the position that Mr. Lockert's communication with Mr. Campbell was privileged on the night of the shooting? If so, and you do not intend to call him as a witness, then I do not wish to take his deposition. However, since Mr. Campbell has listed him as a witness and discussed the phone call in his deposition, then I assumed that you were not claiming the communication was privileged or Mr. Campbell was choosing to waive the privilege. I guess I don't see this as a Shelton Rule issue. I am not interested in any communications that Mr. Campbell may have had with Mr. Locket pertaining to his criminal case. If you can just let us know Mr. Campbell's position on this and whether Lockert is or is not a witness that you may call at trial, then I think that may help answer the question as to whether we can or will take his deposition. I certainly do not want to waste any of our time on this. Thanks!



**Robyn Beale Williams** |
FARRAR & BATES, LLP
LAW OFFICES
211 Seventh Avenue North, Suite 500 | Nashville, TN 37219
Main 615-254-3060 | Fax 615-254-9835
robyn.williams@farrar-bates.com | http://www.farrar-bates.com

This message has been sent from a law firm and may contain information that is confidential or privileged. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy. Please advise immediately if you or your employer do not want us to use Internet e-mail for future messages of this kind. Thank you.

TO ENSURE COMPLIANCE WITH REQUIREMENTS IMPOSED BY THE IRS, WE INFORM YOU THAT, UNLESS SPECIFICALLY INDICATED OTHERWISE, THIS MESSAGE (INCLUDING ANY ATTACHMENTS) WAS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY THE ADDRESSEE OR ANY OTHER PERSON FOR THE PURPOSE OF (A) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (B) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TAX-RELATED MATTER ADDRESSED HEREIN.

**From:** John H. Morris <john@tek.law>
**Sent:** Monday, June 8, 2020 1:37 PM
**To:** Robyn Beale Williams <robyn.williams@farrar-bates.com>
**Cc:** Mark Nolan <dmnolan@batsonnolan.com>; Andrew Lockert <andrew@lockertlaw.com>
**Subject:** RE: Call to Eric Lockert

Robyn,

Eric Lockert's testimony, if we in fact called him, would simply be related to the call that Mr. Campbell placed to him the evening of the shooting. Mr. Campbell called Mr. Lockert, told him the police had shot into his house and asked for guidance. We can provide testimony via an affidavit from Mr. Lockert.
However, under a Shelton Rule analysis, deposition of Mr. Lockert would be inappropriate.

*John H. Morris, Esq.*



**404 James Robertson Parkway**
**Suite 102**
**Nashville, TN 37219**
**(615) 229-5529 (office)**

4

(615) 679-9520 (fax)
(615) 618-2282 (cell)

**From:** Robyn Beale Williams <robyn.williams@farrar-bates.com>
**Sent:** Monday, June 8, 2020 1:04 PM
**To:** John H. Morris <john@tek.law>
**Cc:** Mark Nolan <dmnolan@batsonnolan.com>; Andrew Lockert <andrew@lockertlaw.com>
**Subject:** RE: Call to Eric Lockert

John,
Your client named him as a witness, not mine. I'm not aware of any rule that requires me to contact you before making an attempt to contact witnesses. If I've misunderstood the disclosure, I apologize, but I am out of the office today and will look at this later.

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "John H. Morris" <john@tek.law>
Date: 6/8/20 12:56 PM (GMT-06:00)
To: Robyn Beale Williams <robyn.williams@farrar-bates.com>
Cc: Mark Nolan <dmnolan@batsonnolan.com>, Andrew Lockert <andrew@lockertlaw.com>
Subject: Call to Eric Lockert

Robyn,

I was informed late last week by Eric Lockert, Mr. Campbell's attorney in the state criminal proceedings, that you had contacted his office, "named him as a witness" and wanted to speak to him about a possible deposition.

First off, since Eric Lockert is not an attorney on the Federal civil case, I would have expected that you would have first noticed us pursuant to Fed. R. Civ. Proc. Rule 30 (b) (1) if you wished to depose him versus contacting him directly without our knowledge.

Further, as Eric Lockert was Mr. Campbell's attorney in the related state charges, any communication between him and Mr. Campbell would be protected by privilege and not discoverable.

Absent a showing under Rule 26 (b)(3) that Mr. Lockert has relevant information not already disclosed, not readily accessible in the public record and which would not be protected by privilege, both we and Eric Lockert object to any deposition of him pursuant to his responsibilities to his client under Tenn. Sup. Ct. R. 8, Rule 1.6.

Respectfully,


*John H. Morris, Esq.*



**404 James Robertson Parkway**
**Suite 102**
**Nashville, TN  37219**
**(615) 229-5529 (office)**
**(615) 679-9520 (fax)**
**(615) 618-2282 (cell)**